STATE OF CONNECTICUT *v.* RICHARD L. VON GLATZEL

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 1, 1964

*Richard L. Von Glatzel,* the defendant, pro se.

*Otto J. Saur,* state's attorney, for the state.

BY THE DIVISION.  On October 17, 1963, the defendant, age twenty-three, was found guilty by a jury of twelve on only one count of a two-count information charging breaking and entering.  Pending the preparation of an adult probation presentence report, Von Glatzel remained free on a real estate bond in the amount of $6000 furnished by his father. On November 22, 1963, the defendant having absconded, the bond was called and ordered forfeited. On February 1, 1964, and on a bench warrant issued charging him with failure to appear according to bail bond; General Statutes § 53-154; he was apprehended in, and thereafter returned from, Florida. Von Glatzel entered a plea of guilty to the latter charge and on February 14, 1964, sentence was imposed upon him.  On a conviction for breaking and entering, the maximum statutory penalty is not more than four years.  General Statutes § 53-76.  This defendant was sentenced thereon to not less than one and not more than three years.  The statutory penalty for failure to appear according to bail bond is not more than three years.  On conviction for this crime, the defendant was sentenced to not less than one year and a day and not more than three years.  General Statutes § 53-154.  These sentences were ordered to run consecutively and constituted an effective sentence of two years and a day to six years.  The defendant now seeks a reduction of this sentence, asking that the terms be made to run concurrently rather than consecutively.

The extensive record of this defendant in addition to his previous convictions for breaking and entering includes also convictions for theft and larceny.  Shortly after his release from the Connecticut reformatory for boys in 1957, there followed convictions for obtaining money under false pretenses in this state and burglary in Pennsylvania. The conviction of this defendant by a jury for

breaking and entering, for which the first term was imposed here, took place subsequent to the furnishing to the police of information by another woman with whom Von Glatzel was seriously involved, notwithstanding he had a wife and child whom he did not support.

Subsequent to a vigorous plea by defense counsel, the sentencing court included in its remarks: "He [Von Glatzel] has been given consideration in the past. He has had several probationary periods. The courts apparently treated him with the consideration that they felt that he was entitled to . . . . He was given a suspended term to the reformatory . . . seven years ago and within a few days after that . . . he committed breaking and entering, several counts . . . . How many times do we have to say that he is entitled to a chance to prove himself?" Sentence having been imposed, this defendant insisted upon and was granted permission to address the court. The transcript further disclosed that what he said was a repetition of part of what his counsel had advanced in his behalf. As he addressed this board, the defendant was again repetitive, and what it amounted to was that he was now rehabilitated and was entitled to the consideration and benefit which he sought—a concurrent rather than the consecutive direction as to the prison terms given him.

We do not agree. The sentencing court felt, and we think properly so, that there was need for consecutive sentences, that the defendant had been given a number of chances prior to these convictions and had failed to avail himself of them. Being released on a $6000 bond, as was said upon sentencing, is not "a casual thing." The running out on a bond of this nature was a separate crime. It created a tremendous burden upon his hardworking

and aged father, who was as bondsman obliged to make payment to the state in the compromised amount of $1500. When such illegal departure is taken, it creates a forcefully deterrent power as to those approached to become bondsmen who properly might be helpful to others in somewhat similar and even more deserving circumstances.

The sentence was a proper one and it should stand without change.

BOGDANSKI, LOISELLE and MEYERS, Js., participated in this decision.